IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ABRAHAM SANCHEZ-CUPRILL
Plaintiff

vs

UNITED STATES OF AMERICA
Defendant

CIVIL 14-1329CCC
Related Cr. 10-0325-01(CCC)

## OPINION AND ORDER

Before the Court is the Amended Motion under 28 U.S.C. § 2255 filed by Petitioner Abraham Sánchez-Cuprill <u>pro se</u> (hereinafter "Petitioner" or "Sánchez-Cuprill") (**D.E. 2**), his Memorandum in Support (D.E. 2-2), the Government's Response (D.E. 4), and Petitioner's Reply to the Government's Response (D.E. 6). For the reasons discussed below, the Court finds that the Amended Petition must be DENIED. Petitioner's request for an evidentiary hearing is also DENIED.

## I.   BACKGROUND

Petitioner Sánchez-Cuprill was charged along with two (2) other co-defendants in an eight-count Indictment[1] (D.E. 3 in Cr. 10-0325CCC). Count One (1) charged: "On or about March 19, 2010, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, defendant: [1] Abraham Sánchez-Cuprill, did knowingly and intentionally attempt to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Controlled Substance. All in violation of Title 21, <u>United States Code</u>, Section 846 and 841(a)(1)

---

[1]Petitioner was only charged in counts one (1) through three (3).

CIVIL 14-1329CCC                    2
Related Cr. 10-0325-01(CCC)

and (b)(1)(A)(ii)(II)." (D.E. 3 at page 1 in Cr. 10-0325CCC).  Count Two (2) charged: "Beginning in or around March 30, 2010, up to and including April 8, 2010, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, defendants: [1] Abraham Sánchez-Cuprill and an additional co-defendant, did knowingly and intentionally combine, conspire, confederate and agree together with each other, and others, both known and unknown to the Grand Jury, to commit an offense against the United States, that is: to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine; a Schedule II, Controlled Substance.  All in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A)(ii)(II)."  (D.E. 3 at page 2 in Cr. 10-0325CCC). Count Three (3) charged: "On or about April 8, 2010, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, defendants: [1] Abraham Sánchez-Cuprill and an additional co-defendant, aided and abetted by each other, did knowingly and intentionally attempt to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine; a Schedule II, Controlled Substance.  All in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A)(ii)(II) and Title 18, United States Code, Section 2." (D.E. 3 at pages 2-3 in Cr. 10-0325CCC).

On January 19, 2011, Petitioner, through his counsel, filed a Motion for Change of Plea (D.E. 53 in Cr. 10-0325CCC).  On April 5, 2011, Sánchez-Cuprill's Plea Agreement with the government was filed. (D.E. 75, in Cr. 10-0325CCC).  On April 5, 2011, Petitioner's Change of Plea Hearing was

CIVIL 14-1329CCC                                3
Related Cr. 10-0325-01(CCC)

held.   Petitioner proceeded to plead guilty only to Count Two (2) of the
Indictment (D.E. 77 in Cr. 10-0325CCC).

On June 22, 2011, Sánchez-Cuprill's Pre Sentence Report was filed
(D.E. 112 in Cr. 10-0325CCC).  On March 29, 2012, Petitioner's Amended Pre
Sentence Report, with complete mental heath history as previously instructed
by the Court, was filed (D.E. 203 in Cr. 10-0325CCC).

On May 9, 2012, Sánchez-Cuprill's Sentencing Hearing was held.
Petitioner was sentenced to a term of imprisonment of eighty four (84) months,
a term of supervised release of four (4) years, a Special Monetary Assessment
of one hundred ($100.00) dollars and a forfeiture of four thousand dollars
($4,000.00) dollars[2] (D.E. 209 in Cr. 10-0325CCC).

On May 15, 2012, Judgment was entered (D.E. 210 in Cr. 10-0325CCC).
On May 24, 2012, Petitioner filed a Notice of Appeal (D.E. 213 in
Cr. 10-0325CCC).   On April 30, 2013, the First Circuit court issued its
Judgment in which it ordered that the appeal be voluntarily dismissed[3]
(D.E. 332 in Cr. 10-0325CCC).  Sánchez-Cuprill did not file a petition for writ
of certiorari before the Supreme Court, therefore his conviction became final
on July 29, 2013.[4]

---

[2]A per the Plea Agreement counts one (1) and three (3) were dismissed (D.E. 209 in
Cr. 10-0325CCC).

[3]The First Circuit Court Judgment states: "Upon consideration of defendant-appellant's
unopposed motion, it is hereby ordered that this appeal be voluntarily dismissed pursuant to Fed.
R. App. P.42(b)."  (D.E. 332 in Cr. 10-0325CCC).

[4]Where Supreme Court review is not sought, a judgment of conviction becomes final when
the time expires for filing a petition for certiorari [90 days] contesting the appellate court's
affirmation of conviction.  Ramos-Martinez v. United States, 638 F.3d 315 (1st Cir. 2011).

CIVIL 14-1329CCC                          4
Related Cr. 10-0325-01(CCC)

On April 7, 2014, Sánchez-Cuprill signed his § 2255 Petition, as well as his Amended § 2255 Petition, therefore the same is timely (D.E. 1 and D.E. 2). As such, the case is ready for disposition by this Court.

## II.   DISCUSSION

In his § 2255 Amended Petition and Memorandum in Support, Sánchez-Cuprill raised the following allegations of ineffective assistance of counsel:

(1)    Defense counsel was ineffective for telling him to sign a plea agreement which contained false information.   Counsel further assured, incorrectly, that he would not be held accountable for use of a dangerous weapon (D.E. 2 at p. 4).

(2)    Defense counsel was ineffective for failing to object to the Sentencing Guideline calculation which included an enhancement for possession of a dangerous weapon.  Counsel did not provide Sánchez-Cuprill a copy of the Pre-Sentence Report (D.E. 2-2 at p. 3).

(3)    Additionally, Sánchez-Cuprill alleged that the sentencing enhancement of two (2) levels for possession of a dangerous weapon was imposed incorrectly by the Court as it is not supported by the facts (D.E. 2-2 at p. 4).

In Petitioner's Reply to the United States Response, Sánchez-Cuprill, for the first time, raised two (2) additional issues:

(1)    Ineffective assistance of counsel for failure to raise an entrapment defense (D.E. 6 at p. 8) and

(2)    Claim of actual and factual innocence (D.E. 6 at p. 11).

CIVIL 14-1329CCC                    5
Related Cr. 10-0325-01(CCC)

Petitioner further requested an evidentiary hearing.

The Court will first address the claims raised by Sánchez-Cuprill in his Amended § 2255 Petition and Memorandum in support.

### A.    Ineffective Assistance of Counsel Standard

The standard for an ineffective assistance of counsel claim is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. Strickland v. Washington, 466 U.S. 668 (1984); Lema v. United States, 987 F.2d 48 (1st Cir. 1993). In order to succeed in a claim of ineffective assistance of counsel, Sánchez-Cuprill must show both incompetence and prejudice: (1) petitioner must show that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Argencourt v. United States, 78 F.3d 14 (1st Cir. 1996); Darden v. Wainwright, 477 U.S. 168 (1986); Lockhart v. Fretwell, 506 U.S. 364 (1993).

Petitioner bears a "very heavy burden" in his attempt to have his sentence vacated premised on an ineffective assistance of counsel claim. Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996); Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993). Even more so under the Strickland standard, where ineffective assistance occurs "only where, given facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it." United States v. Rodriguez, 675 F.3d 48, 56

CIVIL 14-1329CCC                    6
Related Cr. 10-0325-01(CCC)

(1st Cir. 2012), quoting Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010), which in turn quotes Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006).

In order to successfully satisfy the first prong of the Strickland test, petitioner must show that "in light of all the circumstances, the identified acts or omissions [allegedly made by his counsel] were outside the wide range of professionally competent assistance." Tejeda v. Dubois, 142 F.3d 18, 22 (1st Cir. 1998) (citing Strickland, 466 U.S. at 690). Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996) (citing Strickland at 689). Finally, a court must review counsel's actions deferentially, and should make every effort "to eliminate the distorting effects of hindsight." Argencourt v. United States, 78 F.3d at 16 (citing Strickland, 466 U.S. at 689).

The second prong of the Strickland test, the element of prejudice, also sets the bar high. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Argencourt v. United States, 78 F.3d at 16 (citing Strickland, 466 U.S. at 691). Petitioner must "prove that there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different." Knight v. United States, 37 F.3d 769, 774 (1st Cir.1994) (citing Strickland, 466 U.S. at 687).

This means that if petitioner is successful in showing deficiencies in his counsel's representation, he then must conclusively establish that those deficiencies led to a real prejudice against him in the criminal proceedings. Id.

CIVIL 14-1329CCC                    7
Related Cr. 10-0325-01(CCC)

at 694. Sánchez-Cuprill has failed to meet the <u>Strickland</u> standard in all of his claims.

**B.    Ineffective Assistance of Counsel - Defense counsel was ineffective for telling Petitioner during plea discussions that the dangerous weapon sentencing enhancement would not be used against him. Thus convincing Petitioner to sign the plea agreement.**

Sánchez-Cuprill alleged that while discussing the Plea Agreement with his attorney, he told his counsel that there was a error in the sentencing guideline calculation. Petitioner pointed out that the two (2) level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon was wrong. Sánchez-Cuprill alleged that he told his attorney of the incorrectly applied enhancement and his attorney dismissed the same by informing him "don't worry they are not going to use that against you." (D.E. 2-2 at p. 2).

Petitioner alleged that if were not for his counsel's supposed statement of not to worry he would not have signed the plea agreement as written and would have insisted the two (2) point enhancement be eliminated before signing. This purported assertion by Sánchez-Cuprill's attorney as to the enhancement allegedly caused Petitioner to enter into a plea agreement based on misinformation. Petitioner's statements as to his counsel advice are unsupported by the record and, as such, they are mere allegations that do not prosper.

It is a well settled principal that defendants have a Sixth Amendment right to counsel, a right that extends to the plea bargaining process. <u>Lafler v. Cooper</u>, 132 S.Ct. 1376 (2012), citing <u>Missouri v. Frye</u>, 132 S.Ct. 1399 (2012). The Supreme Court has made it clear that "during plea negotiations defendants

are 'entitled to the effective assistance of competent counsel.'" <u>Lafler</u>, 132 S.Ct. at 1384, citing <u>McMann v. Richardson</u>, 397 U.S. 759, 771 (1970). In <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985) the Court held that "the two part <u>Strickland v. Washington</u> test applies to challenges to guilty pleas based on ineffective assistance of counsel." <u>Hill</u>, 474 U.S. at 57.

Therefore, pursuant to the <u>Strickland</u> test, Petitioner must first establish that his counsel in the plea negotiations when giving his assessment of the offer did so in such a way that taking into account all the circumstances and facts known to counsel at that time, his advise and recommendation was outside the wide range of professionally competent assistance." <u>Tejeda v. Dubois</u>, 142 F.3d 18, 22 (1st Cir. 1998). Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Campuzano v. United States</u>, 976 F.Supp. 2d 89, 98 (D.P.R. 2013) (citing <u>Smullen v. United States</u>, 94 F.3d 20, 23 (1st Cir. 1996, quoting <u>Strickland v. Washington</u>, 466 U.S. at 689).

The second element of the <u>Strickland</u> test "also presents a high hurdle. 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" <u>Campuzano</u>, 976 F.Supp. at 89 (quoting <u>Argencourt v. United States</u>, 78 F.3d 14, 16 (1st Cir. 1996). Petitioner has failed to meet the <u>Strickland</u> test. He has failed to present any evidence that would allow this Court to even consider his claim based on <u>Strickland</u> standards of ineffective assistance of counsel. Mere assertions without further support are not enough.

A review of the Plea Agreement filed with and accepted by the Court states the following:

CIVIL 14-1329CCC                    9
Related Cr. 10-0325-01(CCC)

        Stipulation as to the amount of narcotics - The United States of America
and Defendant, [1] Abraham Sánchez-Cuprill, stipulate for purposes of this
plea agreement that this defendant shall be accountable for conspiring to
possess with the intent to distribute at least 2 kilograms but less than
3.5 kilograms of cocaine.

        Sentencing Guidelines Calculation - Dangerous weapon was possessed,
pursuant to U.S.S.G. Section 2D1.1(b)(1) +2 (D.E. 75 at p. 4 in
Cr. 10-0325CCC).

        Sentence Recommendation - After due consideration of the relevant
factors enumerated in Title 18, United States Code, Section 3553(a), the
parties recognize and agree that a term of imprisonment of 84 months would
be the recommendation of the United States assuming the defendant has a
criminal history category of I (D.E. 75 at p. 4 in Cr. 10-0325CCC).

        The Court notes that Petitioner's initials at page four (4) of the Plea
Agreement appear right next to the paragraph stating the two (2) point
enhancement.  From the Plea Agreement itself and its clear wording, there can
be no doubt in Sánchez-Cuprill's mind that he would be receiving a two (2)
point enhancement for possession of a dangerous weapon.  The stipulated
sentencing recommendation of eighty-four (84) months factored in said
enhancement and Petitioner knew this when he signed and placed his initials
in each page of the Plea Agreement.

        Furthermore, at the Change of Plea Hearing Sánchez-Cuprill was
advised by the Magistrate-Judge as follows:

        The Court:  If you have any difficulty in understanding anything I
        ask you, you can always talk to your attorney.  I'll never tell you not

CIVIL 14-1329CCC
Related Cr. 10-0325-01(CCC)                    10

to talk to your attorney.  You can interrupt me to talk to your attorney.  Do you understand that?

The Defendant: Yes, sir.

The Court: A lot of things are going to be said, just like I said just now.  If you disagree with anything that is being said, I expect you to let us know.  Because, we are all going to interpret your silence as an indication that you agree with what is being said.  Do you understand?

The Defendant: Yes. (Change of Plea Hearing Trans. at p. 3, April 5, 2011).

The Court: Have any threats or promises been made to you for you to plead guilty?

The Defendant: No, sir.

The Court: Have you been forced or induced to plead guilty?

The Defendant: No, sir.

Change of Plea Hearing Trans. at p. 8, April 5, 2011.

Mr. Martin: The parties are stipulating that the Defendant will be held accountable for conspiring to possess with the intent to distribute at least 2 kgs but less than 3.5 kgs of cocaine.  And, based on that stipulation, the parties agree to a sentencing guideline calculation of a base offense level of 28, plus 2 points for a dangerous weapon being possessed, . . . .

The Court: Mr. Sanchez, did you listen to what the Prosecutor said?

The Defendant: Yes, sir.

The Court: Do you understand the plea agreement?

The Defendant: Yes, sir.

The Court: And is that your understanding of the plea agreement?

The Defendant: Yes, sir.

Change of Plea Hearing Trans. at pp. 9-10, April 5, 2011.

CIVIL 14-1329CCC                    11
Related Cr. 10-0325-01(CCC)

At no time during the Change of Plea Hearing did Petitioner indicate that he understood that the two (2) point enhancement for possession of a dangerous weapon would not be applied.  On the contrary, despite having been told to interrupt the proceedings if there was something he did not understand, when the two point enhancement was discussed the Court specifically asked Sanchez-Cuprill if he understood the plea agreement. Petitioner gave no indication that he had doubts or that his attorney had supposedly told him the enhancement would not proceed.

Despite having been given the opportunity to correct anything in the plea agreement which he thought was wrong, and despite being asked by the Court if he understood the Plea Agreement, Sanchez-Cuprill did not stop the proceedings or attest to the alleged statement previously made by his counsel. Quite to the contrary; he clearly indicated that he understood and that the Plea Agreement reflected precisely the deal that he expected.  "The presumption of truthfulness of the [Fed. R. Civ. P. 11 colloquy] statements will not be overcome unless the allegations in the Section 2255 motion . . . include credible, valid reasons why a departure from those earlier contradictory statements is now justified." Kelsic v. United States, 2015 WL 2169853 at  8 (D.Me., 2015) (quoting United States v. Butt, 731 F2d. 75, 80 (1st Cir. 1984).  "Ordinarily, a defendant is stuck with the representations that he himself makes in open court at the time of the plea.  They are more likely to be reliable than later versions prompted by second thoughts, and guilty pleas often in the defendant's interest could hardly be managed any other way." United States v Padilla-Galarza, 351 F.3d 594, 598 (1st Cir. 2003).

CIVIL 14-1329CCC                    12
Related Cr. 10-0325-01(CCC)

It is well settled that a court "will not permit a defendant to turn his back on his own representations to the court merely because it would suit his convenience to do so." United States v. Parrilla-Tirado, 22 F.3d 368, 373 (1st Cir. 1994) (quoting United States v. Pellerito, 878 F.2d 1535, 1539 (1st Cir. 1989).  Sanchez-Cuprill did not even file a sworn statement or affidavits to support his contention and has hitched his case on groundless affirmations that evidence in the record clearly contradicts.[5] As such, the Court finds that Petitioner's first claim of ineffective assistance of counsel is meritless for being contrary to the record and the same is DENIED.

**C.    Ineffective Assistance of Counsel - for failing to object to the Sentencing Guideline calculation which included an enhancement for possession of a dangerous weapon. Counsel did not provide Sanchez-Cuprill a copy of the Pre-Sentence Report.**

Sanchez-Cuprill's second allegation of ineffective assistance of counsel again relates to the two (2) point weapon enhancement.  Petitioner alleged that his counsel was ineffective for his failure to object to the enhancement knowing that Sanchez-Cuprill was "innocent of any involvement, foreknowledge, or even concurrent knowledge of possession of a weapon by his co-defendants." (D.E. 2-2 at p. 3).  In addition, Petitioner alleged his counsel was ineffective for failing to provide him with a copy of his Pre-Sentence Report ("PSR") prior to sentencing.

From the moment when Petitioner signed his Plea Agreement it was crystal clear that Sanchez-Cuprill would, at the time of sentencing, be held

---

[5]See Moreno-Espada v. United States, 666 F.3d 60 (1st Cir. 2012).

responsible and receive a two (2) point enhancement pursuant to Sentencing Guideline Section 2D1.1(b)(1) for possession of a dangerous weapon.  That fact is what the record unequivocally established.

Petitioner further claims that his counsel was ineffective for his failure to provide him with a copy of his PSR prior to sentencing.  With regard to this allegation, we note that Rule 32(i)(1)(A)of the Federal Rules of Criminal Procedure requires a sentencing court to "verify that the defendant and the defendant's attorney have read and discussed the pre-sentence report and any addendum".  There is no requirement that Petitioner must receive a copy of said report.[6]  A review of the transcript of Petitioner's sentencing hearing clearly establishes that the Court asked Sanchez-Cuprill directly as to his PSR:

> The Court: Now, Mr. Alvarez, did you discuss the full content of the probation officer's report, as updated, with Mr. Sanchez-Cuprill?
>
> Mr. Alvarez: Yes, Your Honor.
>
> The Court: And Mr. Sanchez, did you understand what your attorney explained to you regarding what the probation officer reported in your case?
>
> The Defendant; Yes, Your Honor.
>
> The Court: Mr. Sanchez, as you know, you're scheduled for sentencing today.  Is there any reason why I should postpone your sentence?
> The Defendant: No, Your Honor[7].

Sentencing Hearing Transcript at p. 3, May 9, 2012.

_____

[6]Bureau of Prisons ("BOP") Program Statement 1351.05 was revised in 2002 "to prohibit inmates from obtaining and possessing photocopies of their PSRs and the State of Reasons from their judgment in criminal cases.  The decision to limit possession of PSRs "is to protect inmates from being coerced by other inmates to produce their PSRs and SORs for illicit purposes."

[7]The Court notes that once again Petitioner dismisses the opportunity to challenge the two (2) point enhancement for possession of a dangerous weapon.

CIVIL 14-1329CCC                    14
Related Cr. 10-0325-01(CCC)

It is clear that Petitioner's counsel complied with his duty to discuss the PSR with Sánchez-Cuprill. The requirements of Rule 32(i)(1)(A) of the Federal Rules of Criminal Procedure were complied with and the Court was so assured when it directly asked Sanchez-Cuprill. He can claim no ineffective assistance of counsel on this regard.

Simply put, there is no evidence on the record that would establish or even hint at Sanchez-Cuprill's counsel having rendered ineffective assistance of counsel. Petitioner has provided no evidence nor has he referenced any event on the record that would even remotely support his allegation. As such, Petitioner's allegations of ineffective assistance of counsel clearly fail to satisfy the Strickland two part test and are DENIED.

**D.     Allegation of Sentencing Court Error- sentencing enhancement of two (2) levels for possession of a dangerous weapon was imposed incorrectly by the Court as it is not supported by the facts.**

Once again, Petitioner raised the allegation of the improperly imposed sentencing enhancement, this time stating that the sentencing court erred in its imposition. To sustain this argument, Sanchez-Cuprill again asserted that he had no weapon nor knowledge that weapons would be used.

Sanchez-Cuprill raised this allegation for the first time as part of his § 2255 Petition. The general rule is that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). A section 2255 petition is not a substitute for a direct appeal. Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994). Petitioner should have brought this

CIVIL 14-1329CCC                    15
Related Cr. 10-0325-01(CCC)

allegation on direct review and not as part of his § 2255 Petition for relief.  As Sanchez-Cuprill's claim of a mistaken guideline calculation is improperly presented before this Court for the first time on a collateral attack to his sentence, the same is DENIED.

We now address Sanchez-Cuprill's Reply to Government's Response (D.E. 6), where he brought forth, for the first time, two (2) new allegations.

Sanchez-Cuprill claimed his counsel was ineffective for his failure to raise a valid entrapment defense.  Petitioner contends that the recorded phone conversations between an undercover agent and himself clearly established that he was not predisposed to commit the crime, thus the alleged availability of an entrapment defense.  Sanchez-Cuprill also for the first time made a claim of actual innocence.

When new claims are brought forth by a petitioner in subsequent filings, the Court would examine said allegations to see if they relate back to the original allegation filed, in order to satisfy the one (1) year statute of limitations requirement.  However, in the case at hand it is of no consequence whether these two new allegations relate back or not for they were filed within the one (1) year period of limitations.  Hence, we will entertain them.

### E.      Ineffective Assistance of Counsel - counsel was ineffective for failure to raise a valid entrapment defense.

Sanchez-Cuprill contends that his attorney was ineffective in his failure to raise what Petitioner construes as a valid entrapment defense.  Once again Petitioner is reminded of the general rule  that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows

cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). A section 2255 petition is not a substitute for direct appeal. Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994). Petitioner should have brought this allegation on direct review and not as part of his § 2255 Petition for relief. Sanchez-Cuprill has neither showed cause nor prejudice as to this allegation. The mere statement that phone recordings would prove his lack of predisposition is simply not enough.

The entrapment defense is much more than the mere allegation that a government official exercised enough force that caused an unwilling individual to commit a crime. The entrapment defense exist to prevent "abuse of the processes of detection and enforcement . . . by government officials" who might instigate an illegal "act on the part of persons otherwise innocent in order to lure them to its commission and to punish them." United States v. Diaz-Maldonado, 727 F.3d 130, 137 (1st Cir. 2013) (quoting Sorrells v. United States, 287 U.S. 435, 448 (1932)). The courts have adopted a two (2) part test when faced with an entrapment defense.

First, the Court looks at the government's conduct to see if it is of the type that would cause a person not otherwise predisposed to commit a crime to do so. United States v Gamache, 156 F.3d 1, 9 (1st Cir. 1998). Examples of such "government overreaching" include "intimidation, threats, dodged insistence," or "excessive pressure" directed at the target of an investigation by a government agent. Diaz-Maldonado, 727 F.3d at 137 (quoting United States v. Vasco, 564 F3d. 12, 18 (1st Cir. 2009). If the government's actions do not rise to this level of wrongful pressure, the inquire ends.

CIVIL 14-1329CCC                    17
Related Cr. 10-0325-01(CCC)

   If the government does overreach then the second step is to look at the particular person to see if that person was in any event predisposed to commit the crime. Vasco, 564 F.3d at 18, 20. The defendant has the initial burden of production as to both elements of the two part test. Diaz-Maldonado, 727 F3d. at 137. In the context of an ineffective assistance of counsel claim Sanchez-Cuprill would have to comply with Strickland and first establish that entrapment was a valid feasible defense. He has failed.

   Sanchez-Cuprill only sets forth a reference to phone recordings in which he participated that according to him demonstrate his lack of predisposition and unwillingness. This is in stark contrast to the facts to which Petitioner plead guilty to. Sanchez-Cuprill is reminded that he plead guilty pursuant to a Plea Agreement and as part of said agreement he acknowledged and accepted as his conduct the government's version of the facts. The record clearly indicates that Sanchez-Cuprill participated in two separate drug transactions, and that he did so willingly and voluntarily. On both occasions he expected and received sums of money for his participation as security. There is no evidence of coercion, intimidation or threats. The record reflects that Sanchez-Cuprill was a willing participant. His claim of a valid entrapment defense does not proceed. As such his claim that his counsel was ineffective in his failure to raise an entrapment defense is DENIED.

## F.   Claim of actual innocence.

   Sanchez-Cuprill also alleged in his Reply that he is actually innocent of possessing a dangerous weapon and of the conspiracy to possess with intent to distribute cocaine to which he plead guilty. Petitioner argued that as to the

possession of a dangerous weapon he was innocent for two reasons.  First, Sanchez-Cuprill alleged that since he had no knowledge that weapons were going to be used he was innocent.  Second, Petitioner argued that the guns used were toy guns incapable of firing much less causing bodily harm.[8]  Thus, they could not be considered dangerous weapons for purposes of Sentencing Guideline application.

Furthermore, no longer accepting his guilt, Sanchez-Cuprill argued that he was innocent of the conspiracy to possess with intent to distribute cocaine because of the entrapment defense which, if his counsel would have presented, would have prospered thus Petitioner's innocence.

The Supreme Court has emphasized that the actual innocence exception is very narrow, reserved for truly exceptional cases.  Walker v. Russo, 506 F.3d 19, 21 (1st Cir. 2007) (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)).  Actual innocence means "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-624 (1998), United States v. Barrett, 178 F.3d 34, 57 (1st Cir. 1999).  In order to succeed, the petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Barreto-Barreto v. United States, 551 F.3d 95, 102 (1st Cir. 2008) (quoting House v. Bell, 547 U.S. 518, 536-537 (2006)).

In this case, Petitioner fails to meet his burden of actual innocence. Sanchez-Cuprill has not presented any new evidence that would sustain his claim of innocence.  What he has done is challenge the legal sufficiency of the

---

[8]Petitioner supports the fact that the guns used were toy guns on the determinations and finding issued by the Magistrate Judge as a result of evidentiary hearings held pursuant to the filing of a motion to dismiss indictment (D.E. 2-1).

evidence used and that is not a proper claim of innocence. Therefore, Sanchez-Cuprill's allegation of innocence is DENIED.

### G.    Evidentiary hearing.

Petitioner has requested an evidentiary hearing. The fact is that in this case Sanchez-Cuprill has failed to raise any cognizable issue under section 2255. Petitioner's request for an evidentiary hearing is DENIED.

Evidentiary hearings in section 2255 cases are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. Moreno-Morales v. United Sates, 334 F.3d 140 (1st Cir. 2003). An evidentiary hearing "is not necessary when a section 2255 petition is inadequate on its face, or although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978).

Such is the case of Sanchez-Cuprill's § 2255 petition, as it is simply unsupported by the facts and evidence on the record in this case.

## III.    CONCLUSION

For the reasons stated, the Court concludes that Petitioner Abraham Sánchez-Cuprill's Amended Motion under 28 U.S.C. § 2255 (**D.E. 2**) is meritless and must be DISMISSED. Furthermore, Petitioner's request for an evidentiary hearing is similarly DENIED.

CIVIL 14-1329CCC                    20
Related Cr. 10-0325-01(CCC)

## IV.  CERTIFICATE OF APPEALABILITY

The Court having dismissed Petitioner's request for relief pursuant to 28 U.S.C. § 2255, it is further ordered that no certificate of appealability be issued in the event that Petitioner files a notice of appeal as there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED.

At San Juan, Puerto Rico, on January 20th, 2016.

CARMEN CONSUELO CEREZO
United States District Judge